[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
In this case the plaintiff claims that one of his former employees embezzled large sums of the plaintiff's money. The plaintiff further claims that during the period of 1994 to 1996, the employee provided the defendants (who were his father and brother) $76,438.44 to pay off a mortgage on real estate that they owned and that the money he provided was stolen from the plaintiff. The defendant, Eric Schwarzkopf, claims that the transaction was a loan and that he made monthly payments to his brother, whose name was Frederick Schwarzkopf, and later refinanced his home to repay a total of $53,399.48 to his brother, Fred. Plaintiff claims it is due the difference between the amount repaid and the amount stolen under the theory of unjust enrichment. The defendant also claims that he was unaware that funds had been embezzled and he claims as far as he knew his brother, Fred, had real estate and stock market investments and that is where he got the money.
The plaintiff claims that the money that Fred embezzled over the two year period was used to finance Eric's house and that they were aware of that because they reviewed his financial assets, his income tax returns and his divorce proceedings, all of which show that he did not have enough money to make such a loan other than from the embezzled funds.
The defendant contends, however, that the income tax returns were clearly false because he did not state in them anything other than his salary of approximately $70,000 and he stated nothing about the $1,000,000 plus funds that he had embezzled from the plaintiffs. The defendant, therefore, contends that the plaintiff has failed to meet its burden of proof as to the source of funds paid to Eric.
The court agrees. The court finds that the plaintiff did fail to meet its burden of proof that the funds in the amount of approximately $77,000 loaned or given to Eric to refinance his house were some of the funds embezzled from the company.
Accordingly, judgment must enter for the defendant.
D. Michael Hurley, Judge Trial Referee CT Page 9133